Justice Alito,
concurring in part and concurring in the judgment.
I join the judgment of the Court and all but Part II of the Court’s opinion. I write separately to address petitioner’s jury-trial argument.
The Sixth Amendment guarantees criminal defendants a trial before “an impartial jury.” In my view, this requirement is satisfied so long as no biased juror is actually seated at trial. Of course, evidence of pretrial media attention and widespread community hostility may play a role in the bias *671 inquiry. Such evidence may be important in assessing the adequacy of voir dire, see, e.g., Mu’Min v. Virginia, 500 U.S. 415, 428-432, 111 S. Ct. 1899, 114 L. Ed. 2d 493 (1991), or in reviewing the denial of requests to dismiss particular jurors for cause, see, e.g., Patton v. Yount, 467 U.S. 1025, 1036-1040, 104 S. Ct. 2885, 81 L. Ed. 2d 847 (1984). There are occasions in which such evidence weighs heavily in favor of a change of venue. In the end, however, if no biased juror is actually seated, there is no violation of the defendant’s right to an impartial jury. See id., at 1031-1035, 1040, 104 S. Ct. 2885, 81 L. Ed 2d 847; Murphy v. Florida, 421 U.S. 794, 800-801, 803, 95 S. Ct. 2031, 44 L. Ed. 2d 589 (1975); see also Rivera v.
[561 U.S. 426]
Illinois, 556 U.S. 148, 157-159, 129 S. Ct. 1446, 173 L. Ed. 2d 320 (2009); United States v. Martinez-Salazar, 528 U.S. 304, 311, 316-317, 120 S. Ct. 774, 145 L. Ed. 2d 792 (2000); Smith v. Phillips, 455 U.S. 209, 215-218, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982).
Petitioner advances a very different understanding of the jury-trial right. Where there is extraordinary pretrial publicity and community hostility, he contends, a court must presume juror prejudice and thus grant a change of venue. Brief for Petitioner 25-34. I disagree. Careful voir dire can often ensure the selection of impartial jurors even where pretrial media coverage has generated much hostile community sentiment. Moreover, once a jury has been selected, there are measures that a trial judge may take to insulate jurors from media coverage during the course of the trial. What the Sixth Amendment requires is “an impartial jury.” If the jury that sits and returns a verdict is impartial, a defendant has received what the Sixth Amendment requires.
The rule that petitioner advances departs from the text of the Sixth Amendment and is difficult to apply. It requires a trial judge to determine whether the adverse pretrial media coverage and community hostility in a particular case have reached a certain level of severity, but there is no clear way of demarcating that level or of determining whether it has been met.
Petitioner relies chiefly on three cases from the 1960’s—Sheppard v. Maxwell, 384 U.S. 333, 86 S. Ct. 1507, 16 L. Ed. 2d 600 (1966), Estes v. Texas, 381 U.S. 532, 85 S. Ct. 1628, 14 L. Ed. 2d 543 (1965), and Rideau v. Louisiana, 373 U.S. 723, 83 S. Ct. 1417, 10 L. Ed. 2d 663 (1963). I do not read those cases as demanding petitioner’s suggested approach. As the Court notes, Sheppard and Estes primarily “involved media interference with courtroom proceedings during trial.” Ante, at 382, n. 14, 177 L. Ed. 2d, at 643; see also post, at 446, 177 L. Ed. 2d, at 683 (Sotomayor, J., concurring in part and dissenting in part). Rideau involved unique events in a small community.
I share some of Justice Sotomayor’s concerns about the adequacy of the voir dire in this case and the trial judge’s findings that certain jurors could be impartial. See post, at
[561 U.S. 427]
458-462, 177 L. Ed. 2d, at 691-693. But those highly fact-specific issues are not within the question presented. Pet. for Cert. i. I also do not understand the opinion of the Court as reaching any question regarding a change of venue under Federal Rule of Criminal Procedure 21.
Because petitioner, in my view, is not entitled to a reversal of the decision below on the jury-trial question that is before us, I join the judgment of the Court in full.